**Fill in this information to identify the case:**

Debtor Name: Pine Forest Associates, LP

United States Bankruptcy Court for the: Eastern District of Tennessee (State)

Case number: 1:18-bk-15814-NWW

☒ Check if this is an amended filing

Official Form 425A

Second Amended
**Plan of Reorganization for Small Business Under Chapter 11**   12/17

Pine Forest Associates, LP 's Plan of Reorganization, Dated JUNE 11, 2019

### Article 1: Summary

This Plan of Reorganization (the *Plan*) under chapter 11 of the Bankruptcy Code (the *Code*) proposes to pay creditors of [insert the name of the Debtor] (the *Debtor*) from [Specify sources of payment, such as an infusion of capital, loan proceeds, sale of assets, cash flow from operations, or future income].

This Plan provides for:
- 1 classes of priority claims;
- 1 classes of secured claims;
- 1 classes of non-priority unsecured claims; and
- 0 classes of equity security holders.

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 100 cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

### Article 2: Classification of Claims and Interests

2.01  Class 1 ............... All allowed claims entitled to priority under § 507(a) of the Code (except administrative expense claims under § 507(a)(2), ["gap" period claims in an involuntary case under § 507(a)(3),] and priority tax claims under § 507(a)(8)).
[Add classes of priority claims, if applicable]   **United States Trustee**

2.02  Class 2 ............... The claim of [ Bayview Loan Servicing ], to the extent allowed as a secured claim under § 506 of the Code.

[Add other classes of secured creditors, if any. Note: Section 1129(a)(9)(D) of the Code provides that a secured tax claim which would otherwise meet the description of a priority tax claim under § 507(a)(8) of the Code is to be paid in the same manner and over the same period as prescribed in § 507(a)(8).]

2.03  Class 3 ............... All non-priority unsecured claims allowed under § 502 of the Code.

[Add other classes of unsecured claims, if any.]

Official Form 425A    Plan of Reorganization for Small Business Under Chapter 11    page 1

Debtor Name: Pine Forest Associates, LP          Case number: 1:18-bk-15814-NWW

2.04 Class 4 — Equity interests of the Debtor. [If the Debtor is an individual, change this heading to *The interests of the individual Debtor in property of the estate.*]

### Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees

3.01 Unclassified claims — Under section § 1123(a)(1), administrative expense claims, ["gap" period claims in an involuntary case allowed under § 502(f) of the Code,] and priority tax claims are not in classes.

3.02 Administrative expense claims — Each holder of an administrative expense claim allowed under § 503 of the Code, [and a "gap" claim in an involuntary case allowed under § 502(f) of the Code,] will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03 Priority tax claims — Each holder of a priority tax claim will be paid [Specify terms of treatment consistent with § 1129(a)(9)(C) of the Code].

3.04 Statutory fees — All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date.

3.05 Prospective quarterly fees — All quarterly fees required to be paid under 28 U.S.C. § 1930(a)(6) or (a)(7) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.

### Article 4: Treatment of Claims and Interests Under the Plan

4.01 Claims and interests shall be treated as follows under this Plan

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 – Priority claims excluding those in Article 3 | ☐ Impaired<br>☒ Unimpaired<br><br>U. S. Trustee - within 60 days | [Insert treatment of priority claims in this Class, including the form, amount and timing of distribution, if any.<br>For example: "Class 1 is unimpaired by this Plan, and each holder of a Class 1 Priority Claim will be paid in full, in cash, upon the later of the effective date of this Plan, or the date on which such claim is allowed by a final non-appealable order. Except [     ]"]<br>[Add classes of priority claims if applicable] |
| Class 2 – Secured claim of [Insert name of secured creditor] Bayview Loan Servicing - Monthly - $4,500.00 at 4.5% interest | ☒ Impaired<br>☐ Unimpaired | [Insert treatment of secured claim in this Class, including the form, amount and timing of distribution, if any.]<br>[Add classes of secured claims if applicable] |
| Class 3 – Non-priority unsecured creditors<br>100% of claims filed over 60 monthly payments | ☒ Impaired<br>☐ Unimpaired | [Insert treatment of unsecured creditors in this Class, including the form, amount and timing of distribution, if any.]<br>[Add administrative convenience class if applicable] |
| Class 4 – Equity security holders of the Debtor | ☐ Impaired<br>☒ Unimpaired | [Insert treatment of equity security holders in this Class, including the form, amount and timing of distribution, if any.] |

### Article 5: Allowance and Disallowance of Claims

5.01 Disputed claim — A *disputed claim* is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either:

(i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or

(ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02 Delay of distribution on a disputed claim — No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

Official Form 425A   Plan of Reorganization for Small Business Under Chapter 11   page 2

Debtor Name: Pine Forest Associates, LP    Case number: 1:18-bk-15814-NWW

| | | |
|---|---|---|
| 5.03 | Settlement of disputed claims | The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure. |

### Article 6: Provisions for Executory Contracts and Unexpired Leases

| | | |
|---|---|---|
| 6.01 | Assumed executory contracts and unexpired leases | (a) The Debtor assumes, and if applicable assigns, the following executory contracts and unexpired leases as of the effective date: [List assumed, or if applicable assigned, executory contracts and unexpired leases.] |
| | | (b) Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the effective date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than [____] days after the date of the order confirming this Plan. |

### Article 7: Means for Implementation of the Plan

[Insert here provisions regarding how the plan will be implemented as required under § 1123(a)(5) of the Code. For example, provisions may include those that set out how the plan will be funded, including any claims reserve to be established in connection with the plan, as well as who will be serving as directors, officers or voting trustees of the reorganized Debtor.] Monthly payments will be made by Debtor from rent collected in the ordinary course of business by operating a Mobile Home Park.

### Article 8: General Provisions

| | | |
|---|---|---|
| 8.01 | Definitions and rules of construction | The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: [Insert additional definitions if necessary]. |
| 8.02 | Effective date | The effective date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated. |
| 8.03 | Severability | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
| 8.04 | Binding effect | The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity. |
| 8.05 | Captions | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |

Official Form 425A    Plan of Reorganization for Small Business Under Chapter 11    page 3

Debtor Name  **Pine Forest Associates, LP**　　　　　　　　　　Case number  1:18-bk-15814-NWW

| | | |
|---|---|---|
| B.06 | Controlling effect | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of [Georgia] govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.) |
| B.07 | Corporate governance | [If the Debtor is a corporation include provisions required by § 1123(a)(6) of the Code.] |
| B.08 | Retention of Jurisdiction | Language addressing the extent and the scope of the bankruptcy court's jurisdiction after the effective date of the plan.]    SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF. |

### Article 9: Discharge

Check one box.

☐ 9.01 Discharge if the Debtor is an individual and § 1141(d)(3) is not applicable. Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

☒ Discharge if the Debtor is a partnership and § 1141(d)(3) is not applicable. On the effective date of this Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code. The Debtor will not be discharged from any debt imposed by this Plan.

☐ Discharge if the Debtor is a corporation and § 1141(d)(3) is not applicable. On the effective date of this Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:

　(i) imposed by this Plan; or

　(ii) to the extent provided in § 1141(d)(6).

☐ No discharge if § 1141(d)(3) is applicable. In accordance with § 1141(d)(3) of the Code, the Debtor will not receive any discharge of debt in this bankruptcy case.

Debtor Name: Pine Forest Associates, LP

Case number: 1:18-bk-15814-NWW

### Article 10: Other Provisions

*[Insert other provisions, as applicable.]*

Debtor reserves the right to object to the claim of Bayview Loan Servicing which is approximately $400,000.00 more than last statement received by Debtor.

Respectfully submitted,

X  /s/ V. David Ott

[Signature of the Plan Proponent]

V. David Ott

[Printed Name]

X  /s/ Brent James

[Signature of the Attorney for the Plan Proponent]

Brent James

[Printed Name]

Debtor Name  Pine Forest Associates, LP                 Case No.  1-18-bk-15814-NWW

Exhibit "A" Attached to
Amended Plan of Reorganization for Small Business Under Chapter 11

Article 8: General Provisions

8.08    Retention of Jurisdiction          Language addressing the extent and the scope of the bankruptcy Court's jurisdiction after the effective date of the plan.

The Court shall retain jurisdiction of this case for the following purposes:

1. To determine any and all objections to the allowance and classification of claims and arrearage claims.

2. To determine any and all applications for professional fees and expenses;

3. To determine any pending applications for rejection or affirmance of executory contracts or expired leases and the allowance of claims resulting from the rejection of executory contracts or unexpired leases;

4. To determine any and all pending applications and adversary proceedings and contested and litigated matters except those resolved by this Plan;

5. To determine any defaults under the Plan and to enforce the provisions of the Plan;

6. To correct any defect, cure any omission or reconcile any inconsistency in the Plan or in the Order of the Court confirming the Plan as may be necessary to carry out the purpose and intent of the Plan; and

7. To grant the Debtor a discharge pursuant to 11 U.S.C. §1141(d)(5); and

8. To determine such other matters as may be provided for in the Order of the Court confirming the Plan.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

IN RE:

PINE FOREST ASSOCIATES, L.P.,                    CASE NO. 1:18-bk-15814-NWW

    Debtor                                       Chapter 11 Proceeding

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and exact copy of the following items have been served upon the parties listed below, electronically or by placing the same in the United States Mail with sufficient postage thereupon to carry it to its destination, this 11th day of June, 2019.

*Items Served*

1. Second Amended Plan of Reorganization for Small Business Under Chapter 11.

*Parties Served:*

United States Trustee
31 E. 11th Street, 4th Floor
Chattanooga, TN 37402

V. Davit Ott
Pine Forest Associates LP
P.O. Box 6628
Malibu, CA 90264

Bayview Loan Servicing
4425 Ponce De Leon Blvd, 5th Floor
Coral Gables, FL 33146-1837

Bayview Loan Servicing LLC
c/o Joel A. J. Callins, Esq.
The Callins Law Firm, LLC
101 Marietta Street, Suite 1030
Atlanta, GA 30303-2780

Bayview Commercial
c/o Natalie Brown, Esquire
Rubin Lubin TN, PLLC
119 S. Main Street, Suite 500
Memphis, TN 38103

Catoosa County Utility District
1058 Old Mill Road
Ringgold, GA 30736

Internal Revenue Service, CIO
P. O. Box 7346
2970 Market Street
Philadelphia, PA 19104-5002

Pine Forest Associates, LP
P. O. Box 6628
Malibu, CA 90264-6628

Shapiro, Pendergast & Hasty, LLP
Attorneys at Law
211 Perimeter Center Pkwy, N.E., Ste. 300
Atlanta, GA 30346

This 11th day of June, 2019.

/s/ *Brent James*
BRENT JAMES,
Attorney for Debtor
P. O. Drawer 220
200 McFarland Bldg.
Rossville, GA 30741
(706) 861-0203
Tenn. Bar No. 18308/Ga. Bar No. 388855