Fill in this information to identify the case:

Debtor Name __Pine Forest Associates, LP__

United States Bankruptcy Court for the: __Eastern_____ District of __Tennessee__
                                                                        (State)

Case number: __1:18-bk-15814-NWW__

☑ Check if this is an amended filing

**Official Form 425B**      **FOURTH AMENDED**

# Disclosure Statement for Small Business Under Chapter 11                    12/17

[ Pine Forest Associates, LP ]'s Disclosure Statement, Dated  **June 19, 2019**

**Table of Contents.** See instructions about how to modify the table of contents if you do not have all of the sections below.

[Insert when text is finalized]

I. Introduction ........................................................................................................ 3
  A. Purpose of This Document ............................................................................ 3
  B. Deadlines for Voting and Objecting; Date of Plan Confirmation Hearing ............ 3
  C. Disclaimer .................................................................................................... 4
II. Background ........................................................................................................ 4
  A. Description and History of the Debtor's Business ............................................. 4
  B. Insiders of the Debtor .................................................................................... 4
  C. Management of the Debtor During the Bankruptcy .......................................... 4
  D. Events Leading to Chapter 11 Filing .............................................................. 4
  E. Significant Events During the Bankruptcy Case ............................................... 5
  F. Projected Recovery of Avoidable Transfers ..................................................... 5
  G. Claims Objections ......................................................................................... 5
  H. Current and Historical Financial Conditions ................................................... 6
III. Summary of the Plan of Reorganization and Treatment of Claims and Equity Interests ......... 6
  A. What is the Purpose of the Plan of Reorganization? ........................................ 6
  B. Unclassified Claims ...................................................................................... 6
    1. Administrative expenses, involuntary gap claims, and quarterly and Court fees ...... 6
    2. Priority tax claims ..................................................................................... 7
  C. Classes of Claims and Equity Interests ......................................................... 7
    1. Classes of secured claims ......................................................................... 8
    2. Classes of priority unsecured claims .......................................................... 9
    3. Classes of general unsecured claims ......................................................... 10
    4. Classes of equity interest holders ............................................................. 10
  D. Means of Implementing the Plan ................................................................. 10
    1. Source of payments .................................................................................. 10
    2. Post-confirmation Management ................................................................. 10
  E. Risk Factors ............................................................................................... 11
  F. Executory Contracts and Unexpired Leases .................................................. 11
  G. Tax Consequences of Plan .......................................................................... 11
IV. Confirmation Requirements and Procedures ..................................................... 12
  A. Who May Vote or Object ............................................................................. 12
    1. What is an allowed claim or an allowed equity interest? ............................... 12
    2. What is an impaired claim or impaired equity interest? ................................ 12
    3. Who is not entitled to vote ........................................................................ 13
    4. Who can vote in more than one class ......................................................... 13
  B. Votes Necessary to Confirm the Plan .......................................................... 13
    1. Votes necessary for a class to accept the plan ........................................... 13

| Debtor Name | Pine Forest Associates, LP | Case number | 1:18-bk-15814-NWW |
|---|---|---|---|

2. Treatment of non-accepting classes of secured claims, general unsecured claims, and interests ............... 13
C. Liquidation Analysis............................................................................................................ 14
D. Feasibility ........................................................................................................................ 14
   1. Ability to initially fund plan .............................................................................................. 14
   2. Ability to make future plan payments and operate without further reorganization ................... 14
V. Effect of Confirmation of Plan................................................................................................ 15
   A. Discharge of Debtor........................................................................................................... 15
   B. Modification of Plan .......................................................................................................... 15
   C. Final Decree ................................................................................................................... 16
VI. Other Plan Provisions ......................................................................................................... 16
   Exhibit A: Copy of Proposed Plan of Reorganization................................................................. 17
   Exhibit B: Identity and Value of Material Assets of Debtor.......................................................... 18
   Exhibit C: Prepetition Financial Statements............................................................................ 19
   Exhibit D: [Most Recently Filed Postpetition Operating Report] .................................................. 20
   Exhibit E: Liquidation Analysis ............................................................................................ 21
   Exhibit F: Cash on hand on the effective date of the Plan .......................................................... 22
   Exhibit G: Projections of Cash Flow for Post-Confirmation Period............................................... 23

| | |
|---|---|
| Debtor Name  Pine Forest Associates, LP | Case number  1:18-bk-15814-NWW |

**I. Introduction**

This is the disclosure statement (the *Disclosure Statement*) in the small business chapter 11 case of
Pine Forest (the *Debtor*). This Disclosure Statement provides information about the Debtor and
the Plan filed on [ 4/16/19 ] (the *Plan*) to help you decide how to vote, as amended 4/24/19.

A copy of the Plan is attached as *Exhibit A*. Your rights may be affected. You should read the
Plan and this Disclosure Statement carefully. You may wish to consult an attorney about your rights
and your treatment under the Plan.

The proposed distributions under the Plan are discussed at pages [   -   ] of this Disclosure
Statement. [General unsecured creditors are classified in Class [ 3 ] and will receive a distribution of [ 100 ] % of their
allowed claims, to be distributed as follows [                ].] Monthly upon confirmation for sixty (60) months.

**A. Purpose of This Document**

This Disclosure Statement describes:

- o  The Debtor and significant events during the bankruptcy case,

- o  How the Plan proposes to treat claims or equity interests of the type you hold (*i.e.*, what
  you will receive on your claim or equity interest if the plan is confirmed),

- o  Who can vote on or object to the Plan,

- o  What factors the Bankruptcy Court (the *Court*) will consider when deciding whether to
  confirm the Plan,

- o  Why [the proponent] believes the Plan is feasible, and how the treatment of your claim or
  equity interest under the Plan compares to what you would receive on your claim or
  equity interest in liquidation, and

- o  The effect of confirmation of the Plan.

Be sure to read the Plan as well as the Disclosure Statement. This Disclosure Statement
describes the Plan, but it is the Plan itself that will, if confirmed, establish your rights.

**B. Deadlines for Voting and Objecting; Date of Plan Confirmation Hearing**

The Court has not yet confirmed the Plan described in this Disclosure Statement. A separate
order has been entered setting the following information:

- o  Time and place of the hearing to [finally approve this disclosure statement and] confirm the
  plan,

- o  Deadline for voting to accept or reject the plan, and

- o  Deadline for objecting to the [adequacy of disclosure and] confirmation of the plan.

If you want additional information about the Plan or the voting procedure, you should contact
[insert name and address of representative of plan proponent].
Brent James
P. O. Drawer 220
Rossville, GA  30741
(706)861-0203

| Debtor Name | Pine Forest Associates, LP | Case number | 1:18-bk-15814-NWW |

**C. Disclaimer**

The Court has [conditionally] approved this Disclosure Statement as containing adequate information to enable parties affected by the Plan to make an informed judgment about its terms. The Court has not yet determined whether the Plan meets the legal requirements for confirmation, and the fact that the Court has approved this Disclosure Statement does not constitute an endorsement of the Plan by the Court, or a recommendation that it be accepted.

**II. Background**

**A. Description and History of the Debtor's Business**

The Debtor is a [          partnership          ]. Since [ about Sept. 1999          ], the Debtor has been in the business of [                                        ]. [Describe the Debtor's business].  Operating a mobile home park where lots are rented on a monthly basis with rent collected accordingly.

**B. Insiders of the Debtor**

[Insert a detailed list of the names of Debtor's insiders as defined in § 101(31) of the United States Bankruptcy Code (the Code) and their relationship to the Debtor.  V. David Ott and Sondra B. Ott

For each insider, list all compensation paid by the Debtor or its affiliates to that person or entity during the 2 years prior to the commencement of the Debtor's bankruptcy case, as well as compensation paid during the pendency of this chapter 11 case.]  No compensation has been paid since the commencement of the case and prior to filing.  Only payments on outstanding mortgage were paid.

**C. Management of the Debtor During the Bankruptcy**

List the name and position of all current officers, directors, managing members, or other persons in control (collectively the *Management*) who will not have a position post-confirmation that you list in III D 2.

| Name | Position |
| --- | --- |
| V. David Ott | Partner |
| Sondra B. Ott | Partner |
| | |
| | |
| | |

**D. Events Leading to Chapter 11 Filing**

[Describe the events that led to the commencement of the Debtor's bankruptcy case.]
Originally Debtor fell behind on mortgage payments due to extremely high bills at the park.  In addition to maintaining payments on the utilities, Debtor had to expend significant sums to address and correct what ultimately was determined to be major water leaks.  As a result of falling behind on mortgage, Bayview began foreclosure proceedings.

| | |
|---|---|
| Debtor Name  Pine Forest Associatse, LP | Case number  1:18-bk-15814-NWW |

### E. Significant Events During the Bankruptcy Case

[Describe significant events during the Debtor's bankruptcy case:

- ▪ Describe any asset sales outside the ordinary course of business, Debtor in Possession financing, or cash collateral orders.
- ▪ Identify the professionals approved by the court.
- ▪ Describe any adversary proceedings that have been filed or other significant litigation that has occurred (including contested claim disallowance proceedings), and any other significant legal or administrative proceedings that are pending or have been pending during the case in a forum other than the Court.
- ▪ Describe any steps taken to improve operations and profitability of the Debtor.
- ▪ Describe other events as appropriate.]  During the bankruptcy, Debtor should no longer have the water leak concerns.  In addition, Debtor has arranged for two vendors to sell mobile homes under long-term contracts which will increase the tenant numbers at the mobile home park, thus increasing monthly rent and allow Debtor to make timely payments as proposed in the PLAN.

### F. Projected Recovery of Avoidable Transfers

Check one box.

- ☒ The Debtor does not intend to pursue preference, fraudulent conveyance, or other avoidance actions.

- ☐ The Debtor estimates that up to $[            ] may be realized from the recovery of fraudulent, preferential or other avoidable transfers. While the results of litigation cannot be predicted with certainty and it is possible that other causes of action may be identified, the following is a summary of the preference, fraudulent conveyance and other avoidance actions filed or expected to be filed in this case:

| Transaction | Defendant | Amount Claimed |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

- ☐ The Debtor has not yet completed its investigation with regard to prepetition transactions. If you received a payment or other transfer within 90 days of the bankruptcy, or other transfer avoidable under the Code, the Debtor may seek to avoid such transfer.

### G. Claims Objections

Except to the extent that a claim is already allowed pursuant to a final non-appealable order, the Debtor reserves the right to object to claims. Therefore, even if your claim is allowed for voting purposes, you may not be entitled to a distribution if an objection to your claim is later upheld. Disputed claims are treated in Article 5 of the Plan.

Debtor Name    Pine Forest Associates, LP                    Case number    1:18-bk-15814-NWW

### H. Current and Historical Financial Conditions

The identity and fair market value of the estate's assets are listed in *Exhibit B.* [Identify source and basis of valuation.] $975,000.00 is appraised value according to mortgage holder.

The Debtor's most recent financial statements [if any] issued before bankruptcy, each of which was filed with the Court, are set forth in *Exhibit C.*

[The most recent post-petition operating report filed since the commencement of the Debtor's bankruptcy case is set forth in *Exhibit D.*]    Believe April 2019

[A summary of the Debtor's periodic operating reports filed since the commencement of the Debtor's bankruptcy case is set forth in *Exhibit D.*]

##  III. Summary of the Plan of Reorganization and Treatment of Claims and Equity Interests

### A. What is the Purpose of the Plan of Reorganization?

As required by the Code, the Plan places claims and equity interests in various classes and describes the treatment each class will receive. The Plan also states whether each class of claims or equity interests is impaired or unimpaired. If the Plan is confirmed, your recovery will be limited to the amount provided by the Plan.

### B. Unclassified Claims

Certain types of claims are automatically entitled to specific treatment under the Code. They are not considered impaired, and holders of such claims do not vote on the Plan. They may, however, object if, in their view, their treatment under the Plan does not comply with that required by the Code. Therefore, the Plan Proponent has *not* placed the following claims in any class:

### 1. Administrative expenses, involuntary gap claims, and quarterly and Court fees

Administrative expenses are costs or expenses of administering the Debtor's chapter 11 case which are allowed under § 503(b) of the Code. Administrative expenses include the value of any goods sold to the Debtor in the ordinary course of business and received within 20 days before the date of the bankruptcy petition, and compensation for services and reimbursement of expenses awarded by the court under § 330(a) of the Code. The Code requires that all administrative expenses be paid on the effective date of the Plan, unless a particular claimant agrees to a different treatment. Involuntary gap claims allowed under § 502(f) of the Code are entitled to the same treatment as administrative expense claims. The Code also requires that fees owed under section 1930 of title 28, including quarterly and court fees, have been paid or will be paid on the effective date of the Plan.

The following chart lists the Debtor's estimated administrative expenses, and quarterly and court fees, and their proposed treatment under the Plan:

| Type | Estimated Amount Owed | Proposed Treatment |
|---|---|---|
| Administrative expenses | | Paid in full on the effective date of the Plan, unless the holder of a particular claim has agreed to different treatment |
| United States Trustee | $2,000.00 | |
| Involuntary gap claims | –0– | Paid in full on the effective date of the Plan, unless the holder of a particular claim has agreed to different treatment |
| Statutory Court fees | $2,000.00 | Paid in full on the effective date of the Plan |

| Debtor Name | Pine Forest Associates, LP | Case number | 1:18-bk-15814-NWW |
|---|---|---|---|

| | | | |
|---|---|---|---|
| Statutory quarterly fees | -0- | | Paid in full on the effective date of the Plan |

| Total | -0- |
|---|---|

**2. Priority tax claims**

Priority tax claims are unsecured income, employment, and other taxes described by § 507(a)(8) of the Code. Unless the holder of such a § 507(a)(8) priority tax claim agrees otherwise, it must receive the present value of such claim pursuant to 11 U.S.C. § 511, in regular installments paid over a period not exceeding 5 years from the order of relief.

The following chart lists the Debtor's estimated § 507(a)(8) priority tax claims and their proposed treatment under the Plan:

| Description<br>(Name and type of tax) | Estimated Amount Owed | Date of Assessment | Treatment | |
|---|---|---|---|---|
| | $ -0- | | Payment interval | |
| | | | [Monthly] payment | $ -0- |
| | | | Begin date | |
| | | | End date | |
| | | | Interest rate | % |
| | | | Total payout amount | $ -0- |
| | $ -0- | | Payment interval | |
| | | | [Monthly] payment | $ -0- |
| | | | Begin date | |
| | | | End date | |
| | | | Interest rate | % |
| | | | Total payout amount | $ -0- |

**C. Classes of Claims and Equity Interests**

The following are the classes set forth in the Plan, and the proposed treatment that they will receive under the Plan:

**1. Classes of secured claims**

Allowed Secured Claims are claims secured by property of the Debtor's bankruptcy estate (or that are subject to setoff) to the extent allowed as secured claims under § 506 of the Code. If the value of the collateral or setoffs securing the creditor's claim is less than the amount of the creditor's allowed claim, the deficiency will [be classified as a general unsecured claim].

Debtor Name   Pine Forest Associates, LP                Case number   1:18-bk-15814-NWW

The following chart lists all classes containing Debtor's secured prepetition claims and their
proposed treatment under the Plan:

| Class # | Description | | Impairment? | Treatment | |
|---|---|---|---|---|---|
| | Secured claim of: Name | Bayview | ☒ Impaired<br>☐ Unimpaired | [Monthly] payment | $ 4,500.00 |
| | Collateral description | Mortgage | | Payments begin | May, 2019 |
| | Allowed secured amount | $ 900,000.00 | | Payments end | April, 2049 |
| | Priority of lien | 1st | | [Balloon payment] | |
| | Principal owed | $575,000.00 | | Interest rate | 4.5 % |
| | Pre-pet. arrearage | $425,000.00 | | Treatment of lien | |
| | Total claim | $900,000.00 | | [Additional payment required to cure defaults] | $ -0- |
| | Secured claim of: Name | | ☐ Impaired<br>☐ Unimpaired | [Monthly] payment | $ |
| | Collateral description | | | Payment begin | |
| | Allowed secured amount | $ | | Payments end | |
| | Priority of lien | | | [Balloon payment] | |
| | Principal owed | | | Interest rate | % |
| | Pre-pet. arrearage | | | Treatment of lien | |
| | Total claim | $ | | [Additional payment required to cure defaults] | $ |

**2. Classes of priority unsecured claims**

The Code requires that, with respect to a class of claims of a kind referred to in §§ 507(a)(1),
(4), (5), (6), and (7), each holder of such a claim receive cash on the effective date of the Plan
equal to the allowed amount of such claim, unless a particular claimant agrees to a different
treatment or the class agrees to deferred cash payments.

Debtor Name  Pine Forest Associates, LP          Case number  1:18-bk-15814-NWW

The following chart lists all classes containing claims under §§ 507(a)(1), (4), (5), (6), and (7) of the Code and their proposed treatment under the Plan:

| Class # | Description | Impairment? | Treatment |
|---|---|---|---|
| | Priority unsecured claim pursuant to section [insert] | ☐ Impaired  ☐ Unimpaired | |
| | Total amount of claims  $ | | |
| | Priority unsecured claim pursuant to section [insert] | ☐ Impaired  ☐ Unimpaired | |
| | Total amount of claims  $ | | |

**3. Classes of general unsecured claims**

General unsecured claims are not secured by property of the estate and are not entitled to priority under § 507(a) of the Code. [Insert description of § 1122(b) convenience class if applicable.]

The following chart identifies the Plan's proposed treatment of classes ☐ through ☐, which contain general unsecured claims against the Debtor.

| Class # | Description | Impairment? | Treatment |
|---|---|---|---|
| | [1122(b) Convenience Class] | ☐ Impaired  ☐ Unimpaired | [insert proposed treatment, such as "Paid in full in cash on effective date of the Plan or when due under contract or applicable nonbankruptcy law"] |
| | General unsecured class  **Ringgold Utility District** | ☒ Impaired  ☐ Unimpaired | [Monthly] payment  $ 200.00<br>Payments begin  May, 2019<br>Payments end  April, 2024<br>[Balloon payment]  $<br>Interest rate from [date]  -0- %<br>Estimated percent of claim paid  100 % |

| Debtor Name | Pine Forest Associates, LP | Case number | 1:18-bk-15814-NWW |

### 4. Classes of equity interest holders

Equity interest holders are parties who hold an ownership interest (*i.e.*, equity interest) in the Debtor. In a corporation, entities holding preferred or common stock are equity interest holders. In a partnership, equity interest holders include both general and limited partners. In a limited liability company (LLC), the equity interest holders are the members. Finally, with respect to an individual who is a debtor, the Debtor is the equity interest holder.

The following chart sets forth the Plan's proposed treatment of the classes of equity interest holders: [There may be more than one class of equity interests in, for example, a partnership case, or a case where the prepetition Debtor had issued multiple classes of stock.]

| Class # | Description | Impairment? | Treatment |
|---|---|---|---|
| | Equity interest holders | ☐ Impaired<br>☐ Unimpaired | |

## D. Means of Implementing the Plan

### 1. Source of payments

Payments and distributions under the Plan will be funded by the following:

[Describe the source of funds for payments under the Plan.]

### 2. Post-confirmation Management

The Post-Confirmation Management of the Debtor (including officers, directors, managing members, and other persons in control), and their compensation, shall be as follows:

| Name | Position | Compensation |
|---|---|---|
| | | |
| | | |

## E. Risk Factors

The proposed Plan has the following risks:

[List all risk factors that might affect the Debtor's ability to make payments and other distributions required under the Plan.]

**Default on monthly rental payments by tenants could negatively affect the cash flow of Debtor.**

| Debtor Name | Pine Forest Associates, LP | Case number | 1:18-bk-15814-NWW |

**F. Executory Contracts and Unexpired Leases**

The Plan in Article 6 lists all executory contracts and unexpired leases that the Debtor will assume, and if applicable assign, under the Plan. *Assumption* means that the Debtor has elected to continue to perform the obligations under such contracts and unexpired leases, and to cure defaults of the type that must be cured under the Code, if any. Article 6 also lists how the Debtor will cure and compensate the other party to such contract or lease for any such defaults.

If you object to the assumption, and if applicable the assignment, of your unexpired lease or executory contract under the Plan, the proposed cure of any defaults, the adequacy of assurance of performance, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan, unless the Court has set an earlier time.

All executory contracts and unexpired leases that are not listed in Article 6 or have not previously been assumed, and if applicable assigned, or are not the subject of a pending motion to assume, and if applicable assign, will be rejected under the Plan. Consult your adviser or attorney for more specific information about particular contracts or leases.

If you object to the rejection of your contract or lease, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan.

[The deadline for filing a Proof of Claim based on a claim arising from the rejection of a lease or contract is _____.

Any claim based on the rejection of a contract or lease will be barred if the proof of claim is not timely filed, unless the Court orders otherwise.]

**G. Tax Consequences of Plan**

Creditors and equity interest holders concerned with how the plan may affect their tax liability should consult with their own accountants, attorneys, and/or advisors.

The following are the anticipated tax consequences of the Plan: [List the following general consequences as a minimum:

(1)   Tax consequences to the Debtor of the Plan;  As there is to be 100% payment, there are not expected to be any tax consequences to Debtor other than the filing of returns in the ordinary course of business.

(2)   General tax consequences on creditors of any discharge, and the general tax consequences of receipt of plan consideration after confirmation.]

There are not expected to be any adverse tax consequences to creditors.

Debtor Name   Pine Forest Associates, LP                        Case number   1:18-bk-15814-NWW

---

**IV. Confirmation Requirements and Procedures**

To be confirmable, the Plan must meet the requirements listed in §1129 of the Code. These include the requirements that:

— the Plan must be proposed in good faith;

— If a class of claims is impaired under the Plan, at least one impaired class of claims must accept the Plan, without counting votes of insiders;

— the Plan must distribute to each creditor and equity interest holder at least as much as the creditor or equity interest holder would receive in a chapter 7 liquidation case, unless the creditor or equity interest holder votes to accept the Plan; and

— the Plan must be feasible.

These requirements are not the only requirements listed in § 1129, and they are not the only requirements for confirmation.

**A. Who May Vote or Object**

Any party in interest may object to the confirmation of the Plan if the party believes that the requirements for confirmation are not met.

Many parties in interest, however, are not entitled to vote to accept or reject the Plan. Except as stated in Part IV.A.3 below, a creditor or equity interest holder has a right to vote for or against the Plan only if that creditor or equity interest holder has a claim or equity interest that is both

(1) allowed or allowed for voting purposes and

(2) impaired.

In this case, the Plan Proponent believes that classes [ 2, 3 ] are impaired and that holders of claims in each of these classes are therefore entitled to vote to accept or reject the Plan. The Plan Proponent believes that classes [ N/A ] are unimpaired and that holders of claims in each of these classes, therefore, do not have the right to vote to accept or reject the Plan.

**1. What is an allowed claim or an allowed equity interest?**

Only a creditor or equity interest holder with an allowed claim or an allowed equity interest has the right to vote on the Plan. Generally, a claim or equity interest is allowed if either

(1) the Debtor has scheduled the claim on the Debtor's schedules, unless the claim has been scheduled as disputed, contingent, or unliquidated, or

(2) the creditor has filed a proof of claim or equity interest, unless an objection has been filed to such proof of claim or equity interest.

When a claim or equity interest is not allowed, the creditor or equity interest holder holding the claim or equity interest cannot vote unless the Court, after notice and hearing, either overrules the objection or allows the claim or equity interest for voting purposes pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure.

The deadline for filing a proof of claim in this case was   [ 5/6/19 ]   Government deadline: 7/1/19

[If applicable – The deadline for filing objections to claims is   [                    ] ]

**2. What is an impaired claim or impaired equity interest?**

As noted above, the holder of an allowed claim or equity interest has the right to vote only if it

Debtor Name    Pine Forest Associates, LP _____    Case number  1:18-bk-15814-NWW _____

is in a class that is *impaired* under the Plan. As provided in § 1124 of the Code, a class is considered *impaired* if the Plan alters the legal, equitable, or contractual rights of the members of that class.

3. Who is not entitled to vote

The holders of the following five types of claims and equity interests are *not* entitled to vote:

☒ holders of claims and equity interests that have been disallowed by an order of the Court;

☒ holders of other claims or equity interests that are not "allowed claims" or "allowed equity interests" (as discussed above), unless they have been "allowed" for voting purposes;

☒ holders of claims or equity interests in unimpaired classes;

☒ holders of claims entitled to priority pursuant to §§ 507(a)(2), (a)(3), and (a)(8) of the Code;

☒ holders of claims or equity interests in classes that do not receive or retain any value under the Plan; and

☒ administrative expenses.

Even if you are not entitled to vote on the plan, you have a right to object to the confirmation of the Plan [and to the adequacy of the Disclosure Statement].

4. Who can vote in more than one class

A creditor whose claim has been allowed in part as a secured claim and in part as an unsecured claim, or who otherwise hold claims in multiple classes, is entitled to accept or reject a Plan in each capacity, and should cast one ballot for each claim.

B. Votes Necessary to Confirm the Plan

If impaired classes exist, the Court cannot confirm the Plan unless:

(1) all impaired classes have voted to accept the Plan; or

(2) at least one impaired class of creditors has accepted the Plan without counting the votes of any insiders within that class, and the Plan is eligible to be confirmed by "cram down" of the non-accepting classes, as discussed later in Section B.2.

1. Votes necessary for a class to accept the plan

A class of claims accepts the Plan if both of the following occur:

(1) the holders of more than ½ of the allowed claims in the class, who vote, cast their votes to accept the Plan, and

(2) the holders of at least ⅔ in dollar amount of the allowed claims in the class, who vote, cast their votes to accept the Plan.

A class of equity interests accepts the Plan if the holders of at least ⅔ in amount of the allowed equity interests in the class, who vote, cast their votes to accept the Plan.

2. Treatment of non-accepting classes of secured claims, general unsecured claims, and interests

Even if one or more impaired classes reject the Plan, the Court may nonetheless confirm the Plan upon the request of the Plan proponent if the non-accepting classes are treated in the manner prescribed by § 1129(b) of the Code. A plan that binds non-accepting classes is commonly referred to as a *cram down* plan. The Code allows the Plan to bind non-accepting classes of claims or equity interests if it meets all the requirements for consensual confirmation except the voting requirements of § 1129(a)(8) of the Code, does not *discriminate unfairly*, and

| Debtor Name | Pine Forest Associates, LP | Case number | 1:18-bk-15814-NWW |
|---|---|---|---|

is *fair and equitable* toward each impaired class that has not voted to accept the Plan.

You should consult your own attorney if a *cram down* confirmation will affect your claim or equity interest, as the variations on this general rule are numerous and complex.

#### C. Liquidation Analysis

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to this Disclosure Statement as *Exhibit E*.

#### D. Feasibility

The Court must find that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor, unless such liquidation or reorganization is proposed in the Plan.

##### 1. Ability to initially fund plan

The Plan Proponent believes that the Debtor will have enough cash on hand on the effective date of the Plan to pay all the claims and expenses that are entitled to be paid on that date. Tables showing the amount of cash on hand on the effective date of the Plan, and the sources of that cash are attached to this disclosure statement as *Exhibit F*.

##### 2. Ability to make future plan payments and operate without further reorganization

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtor's business.
The Plan Proponent has provided projected financial information. Those projections are listed in *Exhibit G*.
The Plan Proponent's financial projections show that the Debtor will have an aggregate annual average cash flow, after paying operating expenses and post-confirmation taxes, of $ [          ]

The final Plan payment is expected to be paid on April, 2049.
[Summarize the numerical projections, and highlight any assumptions that are not in accord with past experience. Explain why such assumptions should now be made.]
You should consult with your accountant or other financial advisor if you have any questions pertaining to these projections.

Debtor Name  Pine Forest Associates, LP                    Case number  1:18-bk-15814-NWW

**V. Effect of Confirmation of Plan**

A.  Discharge of Debtor

Check one box.

☐    Discharge if the Debtor is an individual and 11 U.S.C. § 1141(d)(3) is not applicable. Confirmation of the Plan does not discharge any debt provided for in the Plan until the court grants a discharge on completion of all payments under the Plan, or as otherwise provided in § 1141(d)(5) of the Code. Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

☒    Discharge if the Debtor is a partnership and § 1141(d)(3) of the Code is not applicable. On the effective date of the Plan, the Debtor shall be discharged from any debt that arose before confirmation of the Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code. However, the Debtor shall not be discharged from any debt imposed by the Plan. After the effective date of the Plan your claims against the Debtor will be limited to the debts imposed by the Plan.

☐    Discharge if the Debtor is a corporation and § 1141(d)(3) is not applicable. On the effective date of the Plan, the Debtor shall be discharged from any debt that arose before confirmation of the Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor shall not be discharged of any debt:

      (i)    imposed by the Plan, or

      (ii)   to the extent provided in 11 U.S.C. § 1141(d)(6).

☐    No Discharge if § 1141(d)(3) is applicable. In accordance with § 1141(d)(3) of the Code, the Debtor will not receive any discharge of debt in this bankruptcy case.

B.  Modification of Plan

The Plan Proponent may modify the Plan at any time before confirmation of the Plan. However, the Court may require a new disclosure statement and/or re-voting on the Plan.

[If the Debtor is not an individual, add the following:

The Plan Proponent may also seek to modify the Plan at any time after confirmation only if

(1) the Plan has not been substantially consummated and

(2) the Court authorizes the proposed modifications after notice and a hearing.]

[If the Debtor is an individual, add the following:

Upon request of the Debtor, the United States trustee, or the holder of an allowed unsecured claim, the Plan may be modified at any time after confirmation of the Plan but before the completion of payments under the Plan, to

(1) increase or reduce the amount of payments under the Plan on claims of a particular class,

(2) extend or reduce the time period for such payments, or

(3) alter the amount of distribution to a creditor whose claim is provided for by the Plan to the extent necessary to take account of any payment of the claim made other than under the Plan.]

Debtor Name    Pine Forest Associates, LP            Case number   1:18-bk-15814-NWW

C. Final Decree

Once the estate has been fully administered, as provided in Rule 3022 of the Federal Rules of
Bankruptcy Procedure, the Plan Proponent, or such other party as the Court shall designate in
the Plan Confirmation Order, shall file a motion with the Court to obtain a final decree to close the
case. Alternatively, the Court may enter such a final decree on its own motion.

VI. Other Plan Provisions

[Insert other provisions here, as necessary and appropriate.]

X    /s/ V. David Ott                              V. David Ott

[Signature of the Plan Proponent]                 [Printed Name]


X    /s/ Brent James                              Brent James

[Signature of the Attorney for the Plan Proponent]   [Printed Name]

Debtor Name   Pine Forest Associates, LP          Case number   1:18-bk-15814-NWW

## Exhibits

Exhibit A:  Copy of Proposed Plan of Reorganization

Fill in this information to identify the case:

Debtor Name    Pine Forest Associates, LP

United States Bankruptcy Court for the:  Eastern     District of  Tennessee
(State)

Case number:   1:18-bk-15814-NWW

☐ Check if this is an amended filing

Official Form 425A

Second Amended                                                      12/17
# Plan of Reorganization for Small Business Under Chapter 11

Pine Forest Associates, LP 's Plan of Reorganization, Dated  JUNE 11, 2019

## Article 1: Summary

This Plan of Reorganization (the *Plan*) under chapter 11 of the Bankruptcy Code (the *Code*) proposes to pay creditors of [insert the name of the Debtor] (the *Debtor*) from [specify sources of payment, such as an infusion of capital, loan proceeds, sale of assets, cash flow from operations, or future income].

This Plan provides for:

| | |
|---|---|
| 1 | classes of priority claims; |
| 1 | classes of secured claims; |
| 1 | classes of non-priority unsecured claims; and |
| 0 | classes of equity security holders. |

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately [red] cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

## Article 2: Classification of Claims and Interests

2.01  Class 1 .................  All allowed claims entitled to priority under § 507(a) of the Code (except administrative expense claims under § 507(a)(2), "gap" period claims in an involuntary case under § 507(a)(3)., and priority tax claims under § 507(a)(8)).

[Add all classes of priority claims, if applicable]        United States Trustee

2.02  Class 2 .................  The claim of  Bayview Loan Servicing                      , to the extent allowed as a secured claim under § 506 of the Code.

[Add other classes of secured creditors, if any. Note: Section 1129(a)(9)(D) of the Code provides that a secured tax claim which would otherwise meet the description of a priority tax claim under § 507(a)(8) of the Code is to be paid in the same manner and over the same period as prescribed in § 507(a)(8).]

2.03  Class 3 .................  All non-priority unsecured claims allowed under § 502 of the Code.

[Add other classes of unsecured claims, if any.]

Official Form 425A              Plan of Reorganization for Small Business Under Chapter 11                    page 1


EXHIBIT
"A"

···

| Debtor Name | Pine Forest Associates, LP | Case number | 1:18-bk-15814-NWW |
|---|---|---|---|

| 2.04 | Class 4 | Equity interests of the Debtor. [If the Debtor is an individual, change this heading to The interests of the individual Debtor in property of the estate.] |
|---|---|---|

**Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees**

| 3.01 | Unclassified claims | Under section § 1123(a)(1), administrative expense claims, ["gap" period claims in an involuntary case allowed under § 502(f) of the Code,] and priority tax claims are not in classes. |
|---|---|---|
| 3.02 | Administrative expense claims | Each holder of an administrative expense claim allowed under § 503 of the Code, [and a "gap" claim in an involuntary case allowed under § 502(f) of the Code,] will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. |
| 3.03 | Priority tax claims | Each holder of a priority tax claim will be paid [Specify terms of treatment consistent with § 1129(a)(9)(C) of the Code]. |
| 3.04 | Statutory fees | All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date. |
| 3.05 | Prospective quarterly fees | All quarterly fees required to be paid under 28 U.S.C. § 1930(a)(6) or (a)(7) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. |

**Article 4: Treatment of Claims and Interests Under the Plan**

4.01   Claims and interests shall be treated as follows under this Plan

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - Priority claims excluding those in Article 3 | ☐ Impaired ☒ Unimpaired | [Insert treatment of priority claims in this Class, including the form, amount and timing of distribution, if any.] For example: Class 1 is unimpaired by this Plan, and each holder of a Class 1 Priority Claim will be paid in full, in cash, upon the later of the effective date of this Plan, or the date on which such claim is allowed by a final non-appealable order. Except[          ]. [Add classes of priority claims if applicable] **U. S. Trustee - within 60 days** |
| Class 2 — Secured claim of [insert name of secured creditor] Bayview Loan Servicing - Monthly - $4,500.00 at 4.5% interest | ☒ Impaired ☐ Unimpaired | [Insert treatment of secured claim in this Class, including the form, amount and timing of distribution, if any.] [Add classes of secured claims if applicable] |
| Class 3 – Non-priority unsecured creditors 100% of claims filed over 60 monthly payments | ☐ Impaired ☒ Unimpaired | [Insert treatment of unsecured creditors in this Class, including the form, amount and timing of distribution, if any.] [Add administrative convenience class if applicable] |
| Class 4 - Equity security holders of the Debtor | ☐ Impaired ☒ Unimpaired | [Insert treatment of equity security holders in this Class, including the form, amount and timing of distribution, if any.] |

**Article 5: Allowance and Disallowance of Claims**

| 5.01 | Disputed claim | A disputed claim is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: |
|---|---|---|
| | | (i)    a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or |
| | | (ii)   no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated. |
| 5.02 | Delay of distribution on a disputed claim | No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order]. |

| Debtor Name: | Pine Forest Associates, LP | Case number: | 1:18-bk-15814-NWW |

| 5.02 | Settlement of disputed claims | The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure. |

### Article 6: Provisions for Executory Contracts and Unexpired Leases

| 6.01 | Assumed executory contracts and unexpired leases | (a) The Debtor assumes, and if applicable assigns, the following executory contracts and unexpired leases as of the effective date: <br><br> [List assumed, or if applicable assigned, executory contracts and unexpired leases.] |
| | | (b) Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the effective date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date. <br><br> A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than [_____] days after the date of the order confirming this Plan. |

### Article 7: Means for Implementation of the Plan

[Insert here provisions regarding how the plan will be implemented as required under § 1123(a)(5) of the Code. For example, provisions may include those that set out how the plan will be funded, including any claims reserve to be established in connection with the plan, as well as who will be serving as directors, officers or voting trustees of the reorganized Debtor.] Monthly payments will be made by Debtor from rent collected in the ordinary course of business by operating a Mobile Home Park.

### Article 8: General Provisions

| 8.01 | Definitions and rules of construction | The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: <br><br> [Insert additional definitions if necessary]. |
| 8.02 | Effective date | The effective date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated. |
| 8.03 | Severability | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
| 8.04 | Binding effect | The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity. |
| 8.05 | Captions | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |

Debtor Name   Pine Forest Associates, LP                           Case number   1:18-bk-15814-NWW

| §I.05 Controlling effect | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of ___Georgia___ govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.) |

| §I.06 Corporate governance | [If the Debtor is a corporation include provisions required by § 1123(a)(6) of the Code.] |

| §I.07 Retention of jurisdiction | Language addressing the extent and the scope of the bankruptcy court's jurisdiction after the effective date of the plan.]   SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF. |

## Article 9: Discharge

Check one box.

§9.01 ☐ Discharge if the Debtor is an individual and § 1141(d)(3) is not applicable. Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

☒ Discharge if the Debtor is a partnership and § 1141(d)(3) is not applicable. On the effective date of this Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code. The Debtor will not be discharged from any debt imposed by this Plan.

☐ Discharge if the Debtor is a corporation and § 1141(d)(3) is not applicable. On the effective date of this Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt

   (i)   imposed by this Plan; or
   (ii)  to the extent provided in § 1141(d)(6).

☐ No discharge if § 1141(d)(3) is applicable. In accordance with § 1141(d)(3) of the Code, the Debtor will not receive any discharge of debt in this bankruptcy case.

Official Form 425A        Plan of Reorganization for Small Business Under Chapter 11        page 4

Debtor Name     Pine Forest Associates, LP                    Case number     1:18-bk-15814-NWW

---

**Article 9.0: Other Provisions**

[Insert other provisions, as applicable.]

Debtor reserves the right to object to the claim of Bayview Loan Servicing which is
approximately $400,000.00 more than last statement received by Debtor.

Respectfully submitted,

X   /s/ V. David Ott                              V. David Ott
    [Signature of the Plan Proponent]             [Printed Name]


X   /s/ Brent James                               Brent James
    [Signature of the Attorney for the Plan Proponent]    [Printed Name]

Debtor Name  Pine Forest Associates, LP                    Case No.  1-18-bk-15814-NWW

Exhibit "A" Attached to
Amended Plan of Reorganization for Small Business Under Chapter 11

Article 8:  General Provisions

8.08    Retention of Jurisdiction          Language addressing the extent and the scope of the bankruptcy
                                           Court's jurisdiction after the effective date of the plan.

The Court shall retain jurisdiction of this case for the following purposes:

1.    To determine any and all objections to the allowance and classification of claims and arrearage
      claims.

2.    To determine any and all applications for professional fees and expenses;

3.    To determine any pending applications for rejection or affirmance of executory contracts or
      expired leases and the allowance of claims resulting from the rejection of executory contracts or
      unexpired leases;

4.    To determine any and all pending applications and adversary proceedings and contested and
      litigated matters except those resolved by this Plan;

5.    To determine any defaults under the Plan and to enforce the provisions of the Plan;

6.    To correct any defect, cure any omission or reconcile any inconsistency in the Plan or in the Order
      of the Court confirming the Plan as may be necessary to carry out the purpose and intent of the
      Plan; and

7.    To grant the Debtor a discharge pursuant to 11 U.S.C. §1141(d)(5); and

8.    To determine such other matters as may be provided for in the Order of the Court confirming the
      Plan.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

IN RE:

PINE FOREST ASSOCIATES, L.P.,                  CASE NO. 1:18-bk-15814-NWW

           Debtor                    Chapter 11 Proceeding

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and exact copy of the following items have been served upon the parties listed below, electronically or by placing the same in the United States Mail with sufficient postage thereupon to carry it to its destination, this 11th day of June, 2019.

*Items Served:*

1.    Second Amended Plan of Reorganization for Small Business Under Chapter 11.

*Parties Served:*

United States Trustee
31 E. 11th Street, 4th Floor
Chattanooga, TN 37402

V. David Ott
Pine Forest Associates LP
P.O. Box 6628
Malibu, CA 90264

Bayview Loan Servicing
4425 Ponce De Leon Blvd, 5th Floor
Coral Gables, FL 33146-1837

Bayview Loan Servicing LLC
c/o Joel A. J. Callins, Esq.
The Callins Law Firm, LLC
101 Marietta Street, Suite 1030
Atlanta, GA 30303-2780

Bayview Commercial
c/o Natalie Brown, Esquire
Rubin Lubin TN, PLLC
119 S. Main Street, Suite 500
Memphis, TN 38103

Catoosa County Utility District
1058 Old Mill Road
Ringgold, GA 30736

Internal Revenue Service, CIO
P. O. Box 7346
2970 Market Street
Philadelphia, PA 19104-5002

Pine Forest Associates, LP
P. O. Box 6628
Malibu, CA 90264-6628

Shapiro, Pendergast & Hasty, LLP
Attorneys at Law
211 Perimeter Center Pkwy,N.E., Ste. 300
Atlanta, GA 30346

This 11th day of June, 2019.

/s/ Brent James
BRENT JAMES,
Attorney for Debtor
P. O. Drawer 220
200 McFarland Bldg.
Rossville, GA 30741
(706) 861-0203
Tenn. Bar No. 18208/Ga. Bar No. 388235

Debtor Name    Pine Forest Associates, LP                            Case number    1:18-bk-15814-NWW

Exhibit B: Identity and Value of Material Assets of Debtor

Mobile Home Park in Ringgold, Catoosa County, Georgia, with appraised value per secured creditor being $975,000.00.

Based upon the value of the mobile home park per the lender's most recent appraisal as well as based upon the alleged debt, there would be no benefit to unsecured creditors in a liquidation case. In a liquidation case, there could also be additional claims with regards to tenants and possible claims.

If liquidated:

Appraised Value:                 $975,000.00

Amount Paid to                   $950,000.00 + Statutory
Secured Creditor:                Attorney's Fee of 15%

Amount to Unsecured              Zero
and other creditors:

Debtor Name    Pine Forest Associates, LP                          Case number    1:18-bk-15814-NWW

Exhibit C: Prepetition Financial Statements

Debtor declares that no balance sheet, statement of operations, or cash-flow statement has been prepared and no Federal Tax return for tax year 2017 or 2018 has been filed by Pine Forest Associates L.P. .

Debtor Name    Pine Forest Associates, LP

Case number    1:18-bk-15814-NWW

Exhibit D: [Most Recently Filed Postpetition Operating Report]
[Summary of Postpetition Operating Reports]

April 2019

Debtor Name    Pine Forest Associates, LP                    Case number    1:18-bk-15814-NWW

Exhibit E: Liquidation Analysis

Plan Proponent's Estimated Liquidation Value of Assets

Assets

| | | |
|---|---|---|
| a. | Cash on hand | $ 305.32 |
| b. | Accounts receivable | $ -0- |
| c. | Inventory | $ -0- |
| d. | Office furniture and equipment | $ -0- |
| e. | Machinery and equipment | $ -0- |
| f. | Automobiles | $ 975,000.00 |
| g. | Building and land | $ -0- |
| h. | Customer list | $ -0- |
| i. | Investment property (such as stocks, bonds or other financial assets) | $ -0- |
| j. | Lawsuits or other claims against third-parties | $ -0- |
| K | Other intangibles (such as avoiding powers actions) | $ |

| Total Assets at Liquidation Value | | $ 950,000.00 |
|---|---|---|
| Less: | Secured creditors' recoveries | $ -0- |
| Less: | Chapter 7 trustee fees and expenses | $ 1,638.97 |
| Less: | Chapter 11 administrative expenses | $ -0- |
| Less: | Priority claims, excluding administrative expense claims | $ -0- |
| [Less: | Debtor's claimed exemptions] | |

| (1) | Balance for unsecured claims | $ 12,000.00 |
|---|---|---|
| (2) | Total dollar amount of unsecured claims | $ 12,000.00 |

Percentage of claims which unsecured creditors would receive or retain in a chapter 7 liquidation:    -0- %

Percentage of claims which unsecured creditors will receive or retain under the Plan:    100 %    [Divide (1) by (2)]

Debtor Name    Pine Forest Associates, LP                              Case number    1:18-bk-15814-NWW

Exhibit F: Cash on hand on the effective date of the Plan

| | | $ | 10,309.32 |
|---|---|---|---|
| Cash on hand on effective date of plan | | | |
| Less: Amount of administrative expenses payable on effective date of the Plan | – | $ | -0- |
| Less: Amount of statutory costs and charges | – | $ | -0- |
| Less: Amount of cure payments for executory contracts | – | $ | -0- |
| Less: Other Plan payments due on effective date of the Plan | – | $ | -0- |
| Balance after paying these amounts | | $ | 10,309.32 |

The sources of the cash Debtor will have on hand by the effective date of the Plan are
estimated as follows:

| | | | |
|---|---|---|---|
| Cash in Debtor's bank account now | | $ | 309.32 |
| Net earnings between now and effective date of the Plan [State the basis for such projections] | | $ | 10,000.00 |
| Rent and Increased rent | | | |
| Borrowing [Separately state terms of repayment] | | $ | -0- |
| Capital contributions | | $ | -0- |
| Other | | $ | -0- |
| Total (This number should match "cash on hand" figure noted above) | | $ | 10,309.32 |

Debtor Name ___ Pine Forest Associates, LP ___

Case number ___ 1:18-bk-15814-NWW ___

Exhibit G: Projections of Cash Flow for Post-Confirmation Period

With the addition of increased lot rent from additional mobile homes being placed by two (2) vendors, average monthly rent should increase from approximately $10,000.00 per month to no less than $12,500.00 per month as there is ample lot availability within the park to add as many additional homes as possible.

Financing for the new tenants is readily available with the two vendors, who by placement of newer mobile homes, will enhance the overall desirability of the Park. The Park being located in Catoosa County is a big draw for families with school age children based on very good schools within Catoosa County.

Through the financing of new mobile homes, the affordability for families in making monthly payments rather than having to make a lump sum purchase, will increase rent to Debtor on a monthly basis.

With the increased lot rental and most if not all of the tenants being long term and permanent since they own the homes, it is projected by the Debtor that for at least the next sixty months, $12,500.00 would be the minimum rental income by the Debtor.

If sales of homes increase, this future anticipated rent role could substantially increase and be in excess of the $12,500.00 as projected.

## ADD PAGE

Debtor Name <u>Pine Forest Associates, LP</u>                    Case Number <u>1:18-15814-NWW</u>

Exhibit G: Projections of Cash Flow for Post-Confirmation Period

PROJECTED BALANCE SHEET

Rental Income          $12,500.00

    Generated through increased number of homes through new lenders


Mortgage               $4,500.00


Park Related Expenses  $6,000.00

    It is estimated that Expenses will be reduced with the addition of newer
more efficient models.
The removal of older homes will also attract more new homes.

With increased rent and reduced costs, it is expected that on average approximately a $2,000.00 monthly cushion will be created.

It is also expected that during the five year period there will be rental rate increases to increase the projected $12,500.00 of rental income.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

IN RE:                                    :

PINE FOREST ASSOCIATES, L.P.,             :         CASE NO. 1:18-bk-15814-NWW

        Debtor                            :         Chapter 11 Proceeding


CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and exact copy of the following items

have been served upon the parties listed below, electronically or by placing the same in the

United States Mail with sufficient postage thereupon to carry it to its destination, this 19th day of

June, 2019:

Items Served

1.    Fourth Amended Disclosure Statement For Small Business Under Chapter 11

Parties Served:

United States Trustee
31 E. 11th Street, 4th Floor
Chattanooga, TN 37402

V. Davit Ott
Pine Forest Associates LP
P.O. Box 6628
Malibu, CA 90264

Bayview Loan Servicing
4425 Ponce De Leon Blvd, 5th Floor
Coral Gables, FL 33146-1837

Bayview Loan Servicing LLC
c/o Joel A. J. Callins, Esq.
The Callins Law Firm, LLC
101 Marietta Street, Suite 1030
Atlanta, GA 30303-2780

Bayview Commercial
c/o Natalie Brown, Esquire
Rubin Lublin TN, PLLC
119 S. Main Street, Suite 500
Memphis, TN 38103

Catoosa County Utility District
1058 Old Mill Road
Ringgold, GA 30736

Internal Revenue Service, CIO
P. O. Box 7346
2970 Market Street
Philadelphia, PA 19104-5002

Pine Forest Associates, LP
P. O. Box 6628
Malibu, CA 90264-6628

Shapiro, Pendergast & Hasty, LLP
Attorneys at Law
211 Perimeter Center Pkwy,N.E., Ste. 300
Atlanta, GA 30346


This 19th day of June, 2019.


/s/ Brent James
BRENT JAMES,
Attorney for Debtor
P. O. Drawer 220
200 McFarland Bldg.
Rossville, GA 30741
(706) 861-0203
Tenn. Bar No. 18308/Ga. Bar No. 388853